

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 26, 1975

The Honorable D. R. Uher
Chairman, State Affairs Committee
Box 2910
Austin, Texas 78767

Opinion No. H- 566

Re: Whether state employees
may testify before legislative
committees in favor of or in
opposition to legislation.

Dear Chairman Uher:

You have asked whether state employees are prohibited by article V, section 4 of the current General Appropriations Act, Acts 1973, 63rd Legislature, Chapter 659, p. 2197 from testifying before legislative committees in favor of or in opposition to legislation. That rider provides:

> None of the moneys appropriated by Articles I, II, III, and IV of this Act, regardless of their source or character, shall be used for influencing the outcome of any election, or the passage or defeat of any legislative measure. This prohibition, however, shall not be construed to prevent any official or employee of the State from furnishing to any Member of the Legislature, or to any other State official or employee or to any citizen, any information or facts pertinent to the official duties and responsibilities of the State agency he represents.

This Appropriation Act rider does not purport to prohibit state employees from testifying before legislative committees. It prohibits only the expenditure of appropriated funds for that purpose where the official duties and responsibilities of the state agency which the employee represents are not involved. Normally, the only appropriated funds at issue in such a circumstance are the salary and expenses of the employee incident

to time spent testifying.  Therefore, if the employee testifies on his own time and at his own expense, at a time when he is not being paid to represent his agency, the rider is not applicable because no appropriated funds are involved.  See also Alterman v.  Philadelphia Housing Authority, 496 F. 2d 164 (3rd. Cir. 1974) cert. denied 42 L. Ed. 2d 72, which discusses the constitutional right of a public employee to participate in nonpartisan politics.  Of course, another provision of this same rider prohibits the expenditure of state funds to pay the full or partial salary of a state employee who is also a paid lobbyist for any individual, firm, association or corporation.

Furthermore, the provision does not prevent a representative of an agency from furnishing "any information or facts pertinent to the official duties and responsibilities of the state agency. "  In our view, this information may include a statement of support or opposition to legislation where the statement is on behalf of an agency whose "duties and responsibilities" are affected by the legislation.  This information may be conveyed in any appropriate manner, including testimony before a legislative committee.

It is therefore our opinion that the foregoing rider to the General Appropriation Act does not prevent a state employee from testifying before a legislative committee on his own time, nor prevent a representative of a state agency whose duties and responsibilities are affected by the legislation from testifying during working hours in support of or opposition to legislation on behalf of his agency.

## SUMMARY

The rider attached to the 1973 General Appropriations Act prohibiting the use of appropriated monies to influence the outcome of any election or the passage or defeat of any legislative measure does not prevent a state employee from testifying before a legislative committee on his own time, nor prevent a representative of a state agency whose duties and responsibilities

are affected by the legislation from testifying
during working hours in support of or opposition
to legislation on behalf of his agency.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg